UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIXIE HAISLIP,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,[1] Commissioner of Social Security<br><br>　　　　　　Defendant. | **1:12-cv-00964 GSA**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA IN PART**<br><br>**(Doc. 18)** |

## **INTRODUCTION**

Plaintiff filed a complaint challenging the denial of her disability insurance benefits and supplemental security income payments on June 14, 2012. (Doc. 1).  On September 30, 2013, this Court issued an order reversing the ALJ's decision that Plaintiff was not disabled, and remanded the case for further proceedings.  (Doc. 15).  The Court entered judgment in Plaintiff's favor on September 30, 2013. (Doc. 16).

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedures, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this action.

1

§ 2412(d)) ("EAJA") in the amount of $5,971.97, and $350.00 in costs. Defendant opposes the motion on the basis that its position was substantially justified and that the requested fees are unreasonable. Upon a review of the pleadings, the Court grants Plaintiff's motion in part. Plaintiff shall be awarded fees in the amount of $4,999.71, and $350.00 in costs.

## DISCUSSION

### A. Substantial Justification

#### 1. Legal Standard

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and expenses. 28 U.S.C. § 2412(d)(1)(A) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, when a claimant wins a remand based on an incorrect decision by the Commissioner, attorneys' fees are to be awarded unless the Commissioner shows that she was "substantially justified" in her position, or that special circumstances make an award unjust. *Meier v. Colvin*, 727 F. 3d 867, 869-870 (9th Cir. 2013); see also, *Lewis v. Barnhardt*, 281 F. 3d 1081, 1083 (9th Cir. 2002). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F. 3d at 870 (citing *Guitierrez v. Barnhardt*, 274 F. 3d 1255, 1258 (9th Cir. 2001). "Substantial justification means 'justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the position of the United States must

have a 'reasonable basis in both law and fact.'" *Id.* citing *Pierce v. Underwood*, 487 U.S. 565. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. *Id*. citing *Hardisty v. Astrue*, 592 F. 3d 1072, 1077 (9th Cir. 2001). If the government's underlying agency action was not substantially justified, it is not necessary to address whether the government's litigation position was justified. *Id*. at 872.

    *2. The Commissioner's Position was Not Substantially Justified.*

There were two issues presented in this case: 1) whether the ALJ's formulation of the Plaintiff's residual functional capacity ("RFC") and hypotheticals were proper (which included an analysis of whether the ALJ's treatment of the medical record was appropriate), and 2) whether the ALJ erred in her credibility finding. This Court found that the ALJ credited the opinions of four doctors, but failed to address all of the limitations identified by each doctor in the RFC or in the hypotheticals. (Doc. 15, pg. 16 and 18). It was also determined that the ALJ failed to reconcile inconsistencies between the doctors' opinions that would likely affect the extent the limitations should be included in the RFC. Finally, this Court noted the ALJ's hypotheticals were improper. In particular, the hypotheticals posed by the ALJ to the VE listed limitations separately rather than listing all of the limitations combined in one hypothetical. (Doc. 15, pg. 19, n. 16). Based on these deficiencies, the Court found the ALJ's decision was not supported by substantial evidence and remanded the case. It did not reach the merits on Plaintiff's arguments regarding the ALJ's credibility findings.

Defendant argues that the government's position was substantially justified because it reasonably defended the ALJ's evaluation of the medical opinions, as well as the ALJ's formation of the RFC and related hypotheticals. The court disagrees. First, under *Meier v. Colvin,* this Court must examine the underlying agency action (in this case the ALJ's decision), before evaluating the government's litigation position. *Meier*, 727 F. at 872. It is well established that a

claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of a RFC must be "based on all the relevant evidence in [the claimant's] case record." *Id.* Furthermore, if the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted. SSR 96-8. Thus, if the ALJ does not find the limitations to be supported by substantial evidence, she must explain why. The ALJ failed to do so in this case.

Additionally, this Court found that the ALJ also failed to include these limitations in the hypothetical question posed to the VE. (Doc. 15, pg. 18). It is well established that "[h]ypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant . . ." *Lewis v. Apfel*, 236 F. 3d 503, 517 (9th Cir. 2001) (quoting *Gamer v. Secretary of Health and Human Services*, 815 F. 2d 1275, 1279-80 (9th Cir. 1987); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). Here, because the ALJ failed to properly evaluate the medical evidence and fully incorporate all of the combined limitations into the hypotheticals posed, the ALJ's decision was not supported by substantial evidence. Similarly, the ALJ decision was not substantially justified since the ALJ did not follow clearly established legal principals.

Although the Defendant correctly notes that the government's position can be substantially justified for purposes of EAJA even if a Court found the ALJ's decision was not based on substantial evidence, this principal is not applicable here. Given the facts of this case and the ALJ's analysis, the agency's underlying decision does not have a "reasonable basis in both law and fact." *Meier*, 727 F. 3d at 870. Accordingly, the ALJ's decision was not substantially justified. Because the government's underlying agency action was not substantially justified, this court need not address whether the government's litigation position was justified. *Meier*, 727 F. 3d at 872.

///

### B. *Reasonableness*

Under the EAJA, attorney's fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir.2002). The amount of the fee must be determined based on the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In making this determination, courts should apply the "lodestar" method to determine what constitutes reasonable attorney's fees. *Hensley*, 461 U.S. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court further explained that counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; see also *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must provide a concise and clear explanation of the reasons for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988), *cert. denied*, 493 U.S. 1035 (1990). " 'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.' " *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

*Hourly Rates*

Here, Plaintiff requests $184.32 per hour for work performed by counsel in 2012 and

5

2013. However, since the time of the filing of Plaintiff's motion, the Ninth Circuit has issued the attorney fee rates for 2013 at $187.02. These rates are the applicable statutory maximum hourly rates under EAJA for attorney work performed in those years, adjusted for increases in the cost of living. *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39–1.6. The Commissioner does not contest the hourly rate, therefore, the amount requested by Plaintiff's counsel has been modified to reflect the amended rates for the appropriate years. The issue in this case is whether the number of attorney hours expended were reasonable.

*The Parties' Positions*

Plaintiff argues that the request for payment of $5,971.97 for 32.4 hours of attorney work is reasonable. The Defendant argues that Plaintiff should only be compensated for 25.4 hours of work. Specifically, Defendant contends: 1) the amount of time billed for legal research of the opening brief and reply briefs was excessive, 2) that work done on the case prior to filing the complaint is not compensable, and 3) that the fee award provisions of EAJA are not available with respect to issues not actually adjudicated. As such, Plaintiff should not be awarded fees with regard to the credibility determination since this Court did not rule on this issue.

Having considered all of Defendant's arguments, Plaintiff's counsel will be awarded fees for 26.8 hours of attorney work. As a preliminary matter, the Court has considered Defendant's arguments regarding the length of time Plaintiff's counsel spent on preparing the confidential letter brief, the opening brief, and the reply. A review of the time sheets reveals that the number of hours was reasonable. The medical record in this case was over four hundred pages long, the case presented several complex issues, and the briefing resulted in a twenty page order issued by this Court. As such, there will be no reduction in attorney hours on this basis.

However, the Defendant cites *Hardisty v. Atrue* in support of its argument that Plaintiff's counsel should not be reimbursed for hours spent researching and writing arguments regarding

Plaintiff's credibility because the Court did not adjudicate that issue. *Hardisty v. Atrue*, 592 F. 3d at 1077. This contention is well taken in light of the facts of this case, and the fact that Plaintiff has not filed a reply brief in response to this issue. Accordingly, Plaintiff's award will be reduced by 5.6 hours on this basis (1.0 hours for research regarding the credibility issue, 2.6 hours for drafting the argument in the opening brief regarding the ALJ's credibility finding, and 2.0 hours preparing the reply regarding this issue).

Conversely, the Court is not persuaded that counsel should not be paid for the preliminary assessment of this case and the drafting of the complaint. Defendant cites *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991), and *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir.2000) for the proposition that that Plaintiff should not be compensated for work performed prior to filing the complaint in this case. However, neither of the cases Defendant cites stands for this proposition. *Mendenhall* dealt with whether the EAJA permits compensation for work performed in administrative proceedings prior to the filing of a civil action, not for work performed in preparation for the filing of a civil action. See *Mendenhall*, 213 F.3d at 468–69. The same is true of the Supreme Court's decision in *Melkonyan*. In *Melkonyan*, the Court noted that work performed in administrative proceedings is generally not compensable under EAJA, with a limited exception for those administrative proceedings conducted while a civil complaint remains pending "and depends for its resolution upon the outcome of the administrative proceedings." *Melkonyan*, 501 U.S. at 97 (internal quotation marks and citation omitted). Neither of these cases holds that work performed in preparation for a civil action after the administrative proceedings have concluded is noncompensable under EAJA. Accordingly, this Court will reimburse Plaintiff's counsel for the initial assessment of the case, as well as for the drafting of the complaint. See *Tate v. Colvin*, 2013 WL 5773047 at * 4 (E.D. Cal., Oct. 24, 2013); *McClintock v. Astrue* 2011 WL 1043718, at *1 -2 (S.D. Cal., Mar. 22, 2011) ("work performed in

preparation for the filing of a civil action is proper and reasonable").

As a result of the above, Plaintiff's counsel will be awarded the following attorney's fees:

| Total Hours | Rate Applied | Total Amount |
|---|---|---|
| 4.6 | 2012 ($184.32) | $847.87 (4.6 x $184.32) |
| 22.2 | 2013($187.02) | $4,151.84 (22.2 x $187.02) |
| **26.8** | ----------------- | **$4,999.71** |

Plaintiff is also entitled to $350.00, the cost of filing the complaint.

## **ORDER**

Based on the foregoing, it is ordered that Plaintiff's Motion for Attorneys' Fees be GRANTED IN PART.  Plaintiff's counsel is entitled to an attorney fee award in the amount of $4,999.71  for 26.8 hours of work, and $350.00 in costs.

This amount should be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

IT IS SO ORDERED.

Dated:   **May 8, 2014**                                **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE